Samuels, J.
delivered the opinion of the court.
The contract of March 29, 1843, as between John Hardaway and Holly T. Williamson, must be regarded a sale by Hardaway to Williamson, and as passing his title to the property embraced in that transaction; for the price bonds were given in various amounts by the buyer to the seller, which bonds were assigned by the seller to some of his creditors in satisfaction of their debts; the bonds having been drawn for amounts corresponding with the amounts of Hardaway’s debts to the creditors, to whom they were respectively assigned. These bonds were the evidence of the debt due from Williamson to Hardaway, contracted in consideration of the property bought by her from him. If Williamson and Hardaway were the only persons interested in the disposition of the property, the contract would be regarded as valid and binding. The contract, however, is impeached by certain creditors of Hardaway on the ground of fraud. The record before this court is made out in pursuance of the act of assembly of February 28th, 1846. Sess. Acts, chap. 69, p. 56. It does not show whether or not all the creditors were creditors by judgments on which executions had issued without procuring satisfaction; and thus does not show whether all the parties impeaching the conveyance were competent to do so, as the law was at the time of rendering the decree. On this record we must hold that this question is not one on which “ it is desired to take the judgment of the appellate courtand that it is not now to be decided. Holding, therefore, that complainants in the court below were competent to enquire into the fraud alleged, we are brought to the consideration of that subject upon the evidence contained in the record. It appears then that John Hardaway executed *506 the conveyance of March 29,1843, with the fraudulent latent to hinder, delay and defraud his creditors; and Holly T. Williamson, the other party to that con-was fully apprised of the fraudulent intent, an<^ actively assisted in carrying it into execution. That the property conveyed was sold at a price far below its real value, with a design of selling it again for a better price, and thereby secure a provision for Hardaway’s wife and child, to the prejudice of his creditors. The property conveyed by absolute bill of sale was permitted to remain in the possession of Hardaway, the vendor, without any reason shown why it should have so remained. The statute of frauds and peijuries and the principles of common law, of which that statute is declaratory, utterly condemn and avoid a conveyance thus infected by fraud. 1 Rev. Code, ch. 101, p. 372, 3 ; Garland v. Rives, 4 Rand. 282 ; Wright v. Hencock, 3 Munf. 521; Lang v. Lee, 3 Rand. 410; Shields’ adm'r v. Anderson’s adm'r, 3 Leigh 729 ; Davis v. Turner, 4 Gratt. 422; Forkner v. Stuart, 6 Gratt. 197. This court is of opinion there is no error in the decree of the court below setting aside the conveyance impeached. The record does not show that any of the creditors had a preference over others of the creditors, and the decree is therefore held proper in putting all the creditors upon the same level.
The appellant’s counsel, whilst he admitted that the conveyance of March 29,1843, was fraudulent, yet insisted that so far as the price of the property was applied by Mrs. Williamson to pay Hardaway’s just debts, she should be protected against other creditors. The letter and spirit of the statute of frauds and perjuries would be contravened by such a construction as this. After the fraud is detected and brought to light, the fradulent vendor should not be allowed to compound the fraud by giving up a portion of the property or its avails, and being exempt from liability for *507 another portion, although that portion may have gone to pay bona fide debts. This question however is not material in this case, inasmuch as at Hardaway’s death enough remained of the property conveyed to pay all the debts decreed for. In the opinion of this court there is no error for which the decree should be reversed. The court below omitted however to direct the payment of 13 dollars 49 cents, with interest on 12 dollars 44 cents, due from Susan A. Hardaway, administratrix of John Hardaway deceased, and of 5 dollars 26 cents, with interest from April 1st, 1846, in the hands of H. H. Lewis, the administrator de bonis non of the same intestate. Inasmuch as H. T. Williamson’s estate would be liable in the last resort for all Hardaway’s debts, reported in the case, if these balances be never paid, the court here is of opinion, that after payment of the money decreed against Williamson’s executor, he may be allowed, on showing the fact to the Circuit court, to recover against Susan A. Hardaway and H. H. Lewis the balances in their hands respectively. And if Williamson’s executor shall not pay the money decreed against him, or any part thereof, any creditor of Hardaway, reported as such in this case, and having the right to the balances mentioned, may apply to the Circuit court for a decree therefor, the amount of which recovery is to be deducted from the decree of such party against Williamson’s executor. With this amendment the decree is affirmed with costs to the appellees.