## HARRIET F. LAMB *vs.* LODICEA H. SMITH.

Worcester.   Oct. 4, 1881. — May 4, 1882.   LORD, W. ALLEN & C. ALLEN, JJ., absent.

At the trial of a writ of entry, the demandant claimed title under a sale upon a levy of an execution issued in an action brought by him against the husband of the tenant, in which the demanded premises were attached as the property of the husband, the title to which was alleged to fraudulently stand in the name of the tenant, to whom the premises had been conveyed five years previously. It appeared that O. had attached the premises seven months before the demandant's attachment, in an action brought by him against the husband of the tenant, on the ground that the title fraudulently stood in the name of the tenant. O. became the purchaser at a sale of the premises under a levy of an execution issued in his action, and then brought a writ of entry against the tenant and her husband. O. subsequently assigned to L. all his right, title and interest in and to the writ of entry and the land covered thereby which he then had or might afterwards obtain, with full authority to prosecute the writ to final judgment in his name, or otherwise to dispose of the same; and also gave L. a quitclaim deed of the premises. On the same day, L. gave to the tenant an agreement under seal to convey the premises, upon request made, to her, her heirs or assigns, with the proviso that she was to retain possession of the estate, receive the rents and profits, and pay all taxes and assessments ; and five months later he gave her a quitclaim deed of the premises. The assignment, agreement and deeds were recorded. The tenants in the writ of entry brought by O. were afterwards defaulted, and judgment entered on the default, and execution issued for possession; and O. received through his attorney seisin of the premises. The demandant admitted that the attachment, levy and writ of entry of O. were valid and regular, and that all of O.'s proceedings against the tenant and her husband were regular and valid up to the time when the assignment and agreement above named were made; but offered to show that the assignment, agreement and two deeds above named were all parts of one transaction made with the fraudulent intent to defraud the creditors of the tenant's husband, that the writ of entry of O. was carried on fraudulently by the tenant after the date of the

assignment and agreement for the purpose of attempting to perfect the title to the premises in herself and of preventing her husband's creditors from attaching the same, and that said writ of entry was fraudulently brought by the tenant and her husband with such fraudulent intent. *Held,* that the fraudulent intent offered to be proved was immaterial, and that the tenant was entitled to judgment.

WRIT OF ENTRY, dated June 28, 1880, to recover a parcel of land in Lancaster. Plea, *nul disseisin.* Trial in the Superior Court, before *Aldrich,* J., who reported the case for the determination of this court, in substance as follows:

The demandant duly attached the demanded premises on April 23, 1878, as the property of Elias W. Smith, the husband of the tenant, upon a writ against Elias W., alleging the title to fraudulently stand in the name of his wife; and on January 24, 1880, upon the execution obtained in this action against Elias W., and the levy thereunder, the premises were duly sold, and the demandant became the purchaser at the sale, and received a deed from the officer, dated January 24, 1880. Said execution and levy and deed were duly recorded, and this writ of entry was brought to recover the premises, on the ground that they were purchased and directly or indirectly paid for by Elias W. Smith, and conveyed to the tenant with the intent to defeat, delay and defraud the creditors of Elias W.

The premises had been conveyed to the tenant by Sewell Day, by deed dated May 7, 1873, and the demandant contended, and offered to show, that said conveyance was fraudulent as to the creditors of Elias W. Smith, who was insolvent at the time.

It appeared that one George Oliver had, on September 11, 1877, caused said premises to be duly attached in an action brought by him against Elias W. Smith, on the ground that the title fraudulently stood in the name of the tenant. Oliver duly recovered judgment in said action, and duly levied his execution thereon, June 6, 1878, and himself became the purchaser under the levy of said execution, and received a deed from the officer as such purchaser on July 13, 1878, and on August 14, 1878, brought a writ of entry against the tenant and her husband to recover said premises. On February 1, 1879, Oliver made an assignment to Drusilla J. Lunt of all his right, title, interest, claim, demand or estate in or to said writ of entry, and also all

his interest in or to the land covered by said writ, which he then had or which might accrue to him by virtue of any judgment thereafter entered or obtained, with full authority to prosecute said writ to final judgment in his name, or otherwise to dispose of the same; and upon the same day, and as a part of the same transaction, Oliver gave to Lunt a quitclaim deed of said premises, with special covenant of warranty against all persons claiming by, through or under him. On the same day, Lunt gave to the tenant an agreement under seal to convey to the tenant, her heirs or assigns, or to such persons as might be entitled by will to her real estate, said premises, upon request made, with the proviso that the tenant was to retain possession of said premises, and receive rents and profits, and pay all taxes and assessments, and indemnify Lunt in reference thereto; and on July 22, 1879, Lunt gave to the tenant a quitclaim deed of said premises. Said assignment, agreement and deeds were recorded.

At December term 1879 of the Superior Court, the tenants were defaulted in the writ of entry brought by Oliver, and judgment entered upon the default, and execution issued for possession.

On January 6, 1880, the officer delivered seisin of said premises to Oliver, through F. P. Goulding, Esq., acting as his attorney. Said execution was duly returned and recorded. Goulding was attorney for the tenant in the writ of entry brought by Oliver, and, under the assignment from Oliver to Lunt and the agreement given by Lunt to the tenant, and under verbal instructions from Lunt, acted for Oliver in said writ of entry after February 1, 1879, in obtaining said judgment and receiving seisin of said premises.

The demandant contended, and offered to show, that said assignment and deed from Oliver to Lunt, and said agreement and deed from Lunt to the tenant, were all parts of the same transaction; that the same were done by the tenant and her husband with the fraudulent intent of delaying, defeating and defrauding the creditors of the husband; that the writ of entry of Oliver was carried on fraudulently by the tenant, after February 1, 1879, for the purpose of attempting to perfect the title to said premises in herself, in order to prevent the creditors of her

husband from attaching and levying upon the same; and that said writ of entry of Oliver was fraudulently brought by the tenant and her husband with such fraudulent intent.

The demandant admitted that the said attachment and levy and writ of entry of said Oliver were valid and regular, and that all the proceedings of said Oliver against said tenant and said E. W. Smith were regular and valid up to February 1, 1879, when said assignment and agreement were made.

The tenant asked the judge to rule that the alleged fraudulent intent of the tenant and E. W. Smith in taking the assignment and deed from Oliver, and in the subsequent proceedings, was immaterial; and that, on the facts above stated and agreed, the tenant was entitled to a verdict.

Upon the above facts and offer of evidence, the judge ordered a verdict for the tenant. If the order was correct, judgment was to be entered on the verdict; otherwise, the verdict to be set aside, and a new trial ordered.

*H. C. Hartwell,* for the demandant.

*F. P. Goulding,* for the tenant.

FIELD, J. As the attachment made by Oliver was prior in time to that made by the demandant, Oliver's right to the land, if it were subject to his attachment, was superior to that of the demandant. It was contended at the argument that, by a proper construction of the report, it appeared that the tenant and her husband bought Oliver's right to the land and his writ of entry with the husband's money; and that the conveyance by deeds of quitclaim made through Lunt to the tenant was in fraud of the husband's creditors. The tenant denied that it appeared by the report that the purchase was made with the husband's money. If it were assumed that the quitclaim deeds from Oliver to Lunt and from Lunt to the tenant conveyed any legal title to the land, and that this title was paid for by the husband and fraudulently conveyed to the tenant, it would become important to ascertain whether the levy made by the demandant was before or after the new title vested in the tenant; because, if made after, it would attach to the land as held under this new title, even although the attachment made by the demandant had been defeated by the levy and sale under Oliver's attachment followed by the judgment rendered for him

in his writ of entry. It seems, however, that these quitclaim deeds, having been delivered before Oliver had obtained judgment in his writ of entry, and while the tenant was in possession of the land, claiming title thereto, conveyed no legal title to the land. *Hunt* v. *Mann, ante,* 53. But we are satisfied that such is not the true construction of the report; and that none of the questions that would arise if the demandant had relied on any other right of action to recover the land than that which had its foundation in the attachment made by him in his action against the husband, was raised before the justice who heard and reported the case.

The demandant in this writ of entry must recover, if she recover at all, on the strength of her own title. If the judgment obtained by Oliver in his writ of entry is valid as against this demandant, then it defeats her right of action, and it is immaterial whether the title still remains in Oliver, or has been conveyed to the tenant; and, if conveyed to her, it is immaterial with what intention the conveyance was procured or made. The demandant must therefore impeach the validity of this judgment; and, in general terms, he offers to show that Oliver's writ of entry was fraudulently purchased by this tenant and her husband, and that thereafter judgment for the demandant was fraudulently entered therein on default, for the purpose of defeating the creditors of the husband, of whom this demandant is one.

That a stranger to a judgment which injuriously affects his rights of property can avoid it, so far as it affects him, by pleading and proving in any action to which he is a party that the judgment was obtained by fraud and collusion between the parties to it, has been often decided. But the demandant does not offer to show that Oliver's right of action for the recovery of the land was fictitious or invalid, or that the judgment rendered for him on his writ of entry was not a just judgment, and such as ought to have been rendered. The issues in that action were whether the land, the legal title to which was in the tenant, was not subject to be taken in satisfaction of the debts of her husband, and whether it had not been actually so taken by the levy of the execution issued on the judgment which Oliver obtained in his action against the husband.

It is found in the report, that " the demandant admitted that the said attachment and levy and writ of entry of said Oliver were valid and regular, and that all the proceedings of said Oliver against said tenant and said E. W. Smith were regular and valid up to February 1, 1879, when said assignment and agreement were made." This is an admission that the land was liable to be taken on execution to satisfy the debts of the husband, and had actually been so taken on the execution obtained by Oliver. But, if it were possible that the tenant's title was good against Oliver, as one creditor of her husband, and bad against the demandant, as another creditor, it was not this which the demandant offered to prove ; and offering to prove that the tenant and her husband colluded with Oliver to enter such a judgment on his writ of entry as ought to have been entered, and to have the same and the title obtained thereby conveyed to the tenant with intent to defraud the creditors of the husband, is offering to prove what, if it can be called collusion, was collusion which worked no injury to the demandant, and only accomplished what, so far as the rights of the demandant are concerned, would have been accomplished if Oliver had duly prosecuted his writ of entry to judgment, or if the tenant had yielded possession to him without suit. Taking the offer of the demandant most favorably to him, it was an offer to prove fraud without damage. The demandant's offer of proof therefore lacked elements necessary to constitute fraudulent collusion to her injury. If the tenant had yielded possession to Oliver after he became the purchaser at the sale under the execution he obtained against the husband, it would not have been necessary for him to bring a writ of entry. Gen. Sts. *c.* 103, § 48. *Wellington* v. *Geary,* 3 Allen, 508.

If it be assumed that the demandant's attachment was not of necessity wholly defeated by the sale under the levy of the execution obtained by Oliver, upon which we express no opinion, still in any writ of entry which the demandant might bring against Oliver, if the tenant had yielded possession to him, the demandant must show that Oliver took nothing by the purchase under his levy. But the demandant not only has offered no evidence to prove that Oliver did not acquire a right to the land by this purchase, but she concedes that he did acquire such a

right; and a consent by the tenant to a judgment for Oliver in his writ of entry is no more a fraud on this demandant, than the tenant's yielding possession of the land to Oliver without suit would have been a fraud on this demandant. The entry must be          *Judgment on the verdict.*