J. FRANK ADAMS, trustee, *vs.* HENRY G. YOUNG & another.

Suffolk.    December 3, 1908. — January 7, 1909.

Present : KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Equity Pleading and Practice,* Master, Master's report, Exception to master's report. *Sale of Merchandise in Bulk.    Subrogation.    Mortgage,* Of personal property. *Marshalling.    Equity Jurisdiction,* To set aside sale of merchandise in bulk.

While it is true that in a suit in equity an exception to a master's report, which is based upon an objection to the master's making a ruling of law that upon the facts reported by him the plaintiff was entitled to no relief against the defendant, is well taken as an abstract proposition, it becomes immaterial where it appears that all the facts are reported by the master.

An insolvent mercantile corporation, the stock in trade in whose store was subject to two mortgages, the second of which covered not only the property then in the store but also " all other goods and supplies . . . hereafter contained in " the store, sold its stock in trade in bulk and not in the usual course of trade to one with whom it agreed that out of the purchase price it would at once pay the amounts due on the mortgages, and the purchaser paid to the corporation $1,725 in two checks, one for $1,500, the amount due on the mortgages, and the other for $225.   The corporation at once indorsed and delivered the $1,500 check to the mortgagee, who forthwith discharged the first mortgage and assigned the second and the note which it secured to the purchaser, who immediately took possession of all of the stock in trade.   Both the corporation and the purchaser acted in good faith and with no actual intent to defraud the corporation's creditors.   None of the requirements of St. 1903, c. 415, regarding sales of merchandise in bulk, were · complied with.   Thereafter the corporation was adjudged bankrupt and a trustee was appointed, who sought by a bill in equity to gain possession of the stock in trade formerly of the corporation.   The trustee had not offered, and there was no offer in the bill, to pay to the purchaser what he had paid on the mortgages.   *Held,* that the purchaser, having acted in good faith, was subrogated to the rights of the mortgagee, and was not prevented from enforcing the rights thus obtained by the constructive fraud which, according to St. 1903, c. 415, he had committed ; and that therefore the bill must be dismissed.

The general doctrine, that the equitable rule of marshalling assets for the protection of a junior creditor by compelling a senior creditor to resort first to a fund or security which the junior creditor cannot reach, will be confined to cases,

where two or more persons are creditors of the same debtor and have successive liens upon the same property while the creditor prior in right also has other security belonging to the same debtor and not available to the holder of the junior lien, and will not be enforced to the detriment of the prior creditor.

BILL IN EQUITY, filed in the Superior Court for the county of Suffolk on October 17, 1905, by the trustee in bankruptcy of E. M. Wheeler and Company, Incorporated, alleging that that corporation before it was adjudged a bankrupt had undertaken to convey in bulk to the defendants its stock of drugs located in its store on Beacon Street in Brookline, " the same being the entire stock in trade of " the corporation, and that the sale and conveyance were void as against the corporation's creditors and the plaintiff because the requirements of St. 1903, c. 415, were not complied with.

The case was referred to a master, who found and reported the following facts : On March 29, 1904, the corporation mortgaged the furniture, fixtures and stock in trade then in its Beacon Street store and also the furniture, fixtures and stock in trade in a store it owned on Dorchester Avenue, to one Dart to secure a loan of $1,200. On May 2, 1904, it also made a mortgage to Dart of all the personal property which it owned at the Beacon Street property " and all other goods and supplies now or hereafter contained in " that store.

A few days before June 10, 1904, Dart by his agent took possession under the terms of his mortgages of the property in the Beacon Street store. There was then due $600 on the first and $900 on the second mortgage. Thereafter the corporation entered into negotiations with and finally sold to the defendants their entire stock in trade for $2,500, it being agreed that out of the purchase price the corporation should pay the mortgages on the property and also $775 due under a contract of conditional sale of a soda water fountain and carbonator.

The defendants gave a check for $1,500 of the purchase price to the corporation, which it at once indorsed to Dart, who by his duly authorized attorney at once discharged the first mortgage and assigned to the defendants the second mortgage and the note secured thereby.

Of the balance of the purchase price, the defendants paid the $775 which was due on the purchase price of the soda water

fountain and carbonator, and paid $225 to the secretary of the corporation, who applied it to take up an indebtedness of the corporation to himself and to an attorney.

At the time of the transactions between the corporation and the defendants, the corporation was insolvent. Neither the corporation nor the defendants at the time knew of St. 1903, c. 415, and none of its requirements were complied with. The corporation and the defendants " acted in good faith and with no actual intent to defraud creditors; and [the defendants] are to be charged with such fraud and such fraudulent intent only as their failure to comply with the statute necessarily imputes."

Other facts reported by the master are stated in the opinion.

The report closed as follows: " Upon the foregoing facts I rule that the plaintiff is entitled to no relief against the defendants."

The plaintiff excepted to the master's report " (1) in that he rules that the ' plaintiff is entitled to no relief against the defendants,' the master having no authority to make any ruling of law whatsoever; — (2) because said ruling is not warranted by the facts stated in said report."

The case thereupon was heard by *Fox*, J., who overruled the exceptions to the master's report and dismissed the bill; and the plaintiff appealed.

*O. Storer*, for the plaintiff.

*F. E. Bradbury*, for the defendants.

SHELDON, J. The plaintiff's first exception, to the master's ruling that the plaintiff was entitled to no relief against the defendant, was well taken as an abstract proposition. As stated in *Clark* v. *Seagraves*, 186 Mass. 430, 435, a master's duty is to find the facts, and it is for the court to say upon these facts whether any and what relief should be given. But as all the facts are reported by the master, and the only question now raised is as to the rights of the plaintiff upon these facts, this exception becomes really immaterial and need not be considered.

The sale made by the Wheeler Company to the defendants was doubtless as to the stock of goods sold, though not as to the furniture and fixtures, within the inhibition of St. 1903, c. 415. If nothing more appeared, the plaintiff would have the right to avoid that sale so far as it covered the stock in trade and to hold

the defendants for the value of that stock. *Gallus* v. *Elmer*, 193 Mass. 106.

But we are not to disregard the master's finding that in making this sale both seller and purchasers acted in good faith and with no actual intent to defraud creditors, and that the purchasers are to be charged only with such fraud and such fraudulent intent as the failure to comply with the requirements of the statute necessarily implies. The effect of the statute is to make this non-compliance conclusive of fraud as to the creditors of the seller. *Kelly-Buckley Co.* v. *Cohen*, 195 Mass. 585. It creates a decisive badge of fraud, such as according to the decisions of some courts is found in the retention of possession by a seller after an absolute sale of property. Although the usual doctrine is that such retention of possession is merely an indication of an intent to defraud creditors, to be considered in connection with the other evidence, yet it has been held in some jurisdictions that the absence of a change of possession after a sale of personal property raises a conclusive presumption of fraud not to be overcome by evidence of the actual good faith of the parties. See for example *Hull* v. *Sigsworth*, 48 Conn. 258; *Rozier* v. *Williams*, 92 Ill. 187; *Greenebaum* v. *Wheeler*, 90 Ill. 296, 298; *Foster* v. *Grigsby*, 1 Bush, 86; *Jarvis* v. *Davis*, 14 B. Mon. 529; *Wilson* v. *Hill*, 17 Nev. 401; *Ziegler* v. *Handrick*, 106 Penn. St. 87; *Mason* v. *Bond*, 9 Leigh, 181; *Weeks* v. *Prescott*, 53 Vt. 57; *Rothschild* v. *Rowe*, 44 Vt. 389. But one whose purchase of property has for that reason been avoided by the creditors of the seller, being himself free from any actual fraud, may stand in the place of creditors whose demands he has paid out of the property or in consideration of the transfer to himself. *Loos* v. *Wilkinson*, 113 N. Y. 485. *Robinson* v. *Stewart*, 10 N. Y. 189. *Pond* v. *Comstock*, 20 Hun, 492. *Butler* v. *White*, 25 Minn. 432. Our own decision in *Crowninshield* v. *Kittridge*, 7 Met. 520, accords with this principle. So if he has paid off debts which constituted liens or incumbrances upon the property conveyed to him, he may for his protection and reimbursement take by subrogation the rights of the secured creditors whom he has thus paid. *Cole* v. *Malcolm*, 66 N. Y. 363. *Rhead* v. *Hounson*, 46 Mich. 243. *Merrell* v. *Johnson*, 96 Ill. 224. *Selleck* v. *Phelps*, 11 Wis. 380. *Tompkins* v. *Sprout*, 55 Cal. 31.

If instead of a discharge he has taken an assignment of such a mortgage or other incumbrance, it will not be treated as merged, but will be upheld in his hands as a charge upon the property. *Crosby* v. *Taylor*, 15 Gray, 64. *Mead* v. *Combs*, 4 C. E. Green, 112. *Phillips* v. *Chamberlain*, 61 Miss. 740. *Fordyce* v. *Hicks*, 76 Iowa, 41. *Smith* v. *Grimes*, 43 Iowa, 356. So his *bona fide* purchase under a valid levy or other prior lien will give him a good title. *Lamb* v. *Smith*, 132 Mass. 574. *Arrington* v. *Arrington*, 102 N. C. 491. The merely constructive fraud of a purchaser will not prevent him from being protected in this manner, if he has not himself actively participated in the fraud. There are many cases to this effect. *Loos* v. *Wilkinson*, 113 N. Y. 485. *Robinson* v. *Stewart*, 10 N. Y. 189. *King* v. *Wilcox*, 11 Paige, 589. *Levi* v. *Welsh*, 18 Stew. (N. J.) 867. *Newman* v. *Kirk*, 18 Stew. (N. J.) 677. *Sullivan* v. *Tinker*, 140 Penn. St. 35. *McCaskey* v. *Graff*, 23 Penn. St. 321. *Jackson* v. *Summerville*, 13 Penn. St. 359. *Gilbert* v. *Hoffman*, 2 Watts, 66. *Williamson* v. *Goodwyn*, 9 Gratt. 503. *Wallace* v. *McBride*, 70 Mich. 596. *Burton* v. *Gibson*, 32 W. Va. 406. *Cook* v. *Berlin Woolen Mill Co.* 56 Wis. 643. *Grant* v. *Lloyd*, 12 Sm. & M. 191. *First National Bank of Tuskaloosa* v. *Kennedy*, 91 Ala. 470. *Pritchett* v. *Jones*, 87 Ala. 317.

The application of these principles is fatal to the maintenance of this bill. The defendants have the right to rest upon the mortgage of which they took an assignment. If it were necessary to pass upon that question, it would not be easy to avoid saying that they could rest also upon the mortgage which was paid and discharged. It was their money that paid the mortgage debts. The fact that the money passed through the hands of the mortgagor and the form of the transfer which the defendants took cannot overcome the real effect of the transaction.

Nor can the plaintiff maintain his bill to recover for the value of that part of the stock in trade which consisted of goods acquired by the mortgagor after the execution of the mortgages. Apart from the fact that the bill sets out no such claim, the master has not found that the mortgagor made any additions to his stock before the sale to the defendants, and the plaintiff does not appear to have asked for any finding upon that question. Moreover, the mortgage which was assigned to the defendants

purported to cover after-acquired property and the defendants took possession of everything immediately after their purchase, on June 10, 1904, more than three months before the petition in bankruptcy was filed against the mortgagor. These facts gave them a good title to the after-acquired portion of the stock in trade, if there was any such portion. *Wasserman* v. *McDonnell*, 190 Mass. 326. *Chase* v. *Denny*, 130 Mass. 566. *Blanchard* v. *Cooke*, 144 Mass. 207, 225, 227. *Bliss* v. *Crosier*, 159 Mass. 498.

The plaintiff has no equity to require the defendants to resort first for the payment of their mortgage to the furniture and fixtures, which are not available to the plaintiff. It does not appear what the value of the furniture and fixtures is; and the plaintiff could have no equitable rights until the mortgage debt due to the defendants was fully satisfied. *Quackenbush* v. *O'Hare*, 129 N. Y. 485. *Taylor's appeal*, 81 Penn. St. 460. And this claim of the plaintiff rests upon the assumption that while the furniture and fixtures belong to the defendants, the stock in trade belongs in equity to the plaintiff. We do not think that in the absence of controlling equities the defendants could be required to resort first to their own property to obtain payment of an indebtedness which is secured also by property of the plaintiff. *Wilcox* v. *Fairhaven Bank*, 7 Allen, 270. It is the general doctrine that the equitable rule of marshalling assets for the protection of a junior creditor by compelling a senior creditor to resort first to a fund or security which the junior creditor cannot reach, will be confined to cases where two or more persons are creditors of the same debtor, and have successive liens upon the same property, while the creditor prior in right has also other securities belonging to the same debtor not available to the holder of the junior lien. It will not be enforced to the detriment of the prior creditor. *Carter* v. *Tanners Leather Co.* 196 Mass. 163. *Emmons* v. *Bradley*, 56 Maine, 333. *Benedict* v. *Benedict*, 2 McCarter, 150. *Lee* v. *Swepson*, 76 Va. 173. *Robinson* v. *Lehman*, 72 Ala. 401, 404. *Peery* v. *Elliott*, 101 Va. 709.

The plaintiff has not sought to redeem the property from the mortgages held by the defendants, and has not argued that he can maintain his bill for that purpose. We need not consider

whether this could be done. *Bushnell* v. *Avery*, 121 Mass. 148.

The decree of the Superior Court overruling the plaintiff's exceptions to the master's report, confirming that report and dismissing the bill with costs, must be affirmed.

*So ordered.*