BENJAMIN RABALSKY *vs.* ABRAHAM LEVENSON & others.

Suffolk.   March 22, 1915. — May 21, 1915.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Sales of Merchandise in Bulk.   Equity Pleading and Practice,* Parties. *Assignment.*

Under St. 1903, c. 415, relating to sales of merchandise in bulk, a sale of all the merchandise and fixtures at the place of business of the seller, in which the parties honestly try to comply with the requirements of the statute but by mistake give notice only to the merchandise creditors of the seller and fail to prepare a list of and give notice to his general creditors as required by the statute, is voidable by the general creditors as to the merchandise, although it is good as a sale of the fixtures.

A general creditor of one who in selling his entire stock of merchandise failed to furnish a list of his general creditors to the purchaser so that the purchaser did not give notice of the sale to such creditors as required by St. 1903, c. 415, cannot procure the setting aside of the sale in a proceeding in which the purchaser is not made a party.

It *seems* that a *bona fide* assignee of a balance of the proceeds from a sale of merchandise in bulk, who took the assignment in part payment of a debt justly due to him from the seller, where the sale was voidable by the general creditors of the seller because notice of it was not given to such creditors as required by St. 1903, c. 415, is entitled to hold such balance against a general creditor who after the assignment institutes proceedings to avoid the sale.

BILL IN EQUITY, filed in the Superior Court on June 16, 1914, against the defendants named in the opinion, praying that they might be ordered to interplead and assert their several rights to a sum of $148 remaining as a balance in the hands of the plaintiff.

The case was heard by *Wait,* J., who filed a memorandum stating that the allegations of the bill were admitted to be true and finding further facts.  The facts thus admitted and found are stated in the opinion.

The judge made a final decree ordering that the plaintiff was entitled to retain for counsel fee in bringing this suit and for costs the sum of $30 from the funds in his hands amounting to $148, and that from the amount remaining the plaintiff should pay the sum of $84.14 to the defendants Nathaniel M. and Robert C. Levenson, doing business as Levenson Brothers; should pay to the defendant Edison Electric Illuminating Company of Boston the sum of $26.67; and should pay the balance then remaining, $7.19, *pro rata* on the costs of Levenson Brothers and of the Edison Electric Illuminating Company of Boston. The defendant Abraham Levenson appealed.

St. 1903, c. 415, is entitled "An Act to prohibit sales of merchandise in bulk in fraud of creditors." Section 1 of that act is as follows: "The sale in bulk of any part or the whole of a stock of merchandise, otherwise than in the ordinary course of trade and in the regular and usual prosecution of the seller's business, shall be fraudulent and void as against the creditors of the seller, unless the seller and purchaser, at least five days before the sale, make a full, detailed inventory, showing the quality and, so far as possible with exercise of reasonable diligence, the cost price to the seller of each article to be included in the sale; and unless the purchaser demands and receives from the seller a written list of names and addresses of creditors of the seller, with the amount of indebtedness due or owing to each and certified by the seller, under oath, to be, to the best of his knowledge and belief, a full, accurate and complete list of his creditors and of his indebtedness; and unless the purchaser shall, at least five days before taking possession of such merchandise, or paying therefor, notify personally, or by registered mail, every creditor whose name and address are stated in said list, of the proposed sale and of the price, terms and conditions thereof."

The case was submitted on briefs.

*J. J. Gaffney & A. Levenson,* for the defendant Abraham Levenson.

*W. T. Atwood,* for the defendants Levenson Brothers.

*M. L. Fahey,* for the defendant Edison Electric Illuminating Company of Boston.

PIERCE, J. On May 19, 1914, the defendant Mandell sold to one Samuel Weisgold, who is not made a party to this bill, the merchandise and fixtures owned by him at 22 Cambridge Street

in Boston. The purchase price was $850. Acting upon the advice and with the assistance of his attorney at law, the defendant Abraham Levenson, Mandell (the seller), in good faith and with an honest purpose to fulfill the requirements of St. 1903, c. 415, prepared and Weisgold (the purchaser) received a list of his (Mandell's) merchandise creditors; and thereafter, conforming to the statutory requirement, due notice of the sale was given to such creditors. Solely because of their mistaken interpretation of the statute they failed to prepare a list of, or to notify, the general creditors. These creditors were the defendant Levenson, with a valid claim of $320; the defendants composing Levenson Brothers, with a joint judgment obligation of $24.22, and a further claim of joint liability upon four promissory notes aggregating $37.48, There was also a joint indebtedness of $26.27 due to the defendant the Edison Electric Illuminating Company of Boston.

Upon the delivery of the merchandise and fixtures Weisgold placed in the hands of the plaintiff the entire consideration for the sale, $850, under an agreement between Weisgold, Mandell and the plaintiff that the plaintiff should pay therefrom all the merchandise creditors and should pay the balance, if any, to Mandell. In execution of this trust the plaintiff paid, in discharge of the claims of all merchandise creditors, the sum of $702, and thereupon the balance of $148 became due and payable to Mandell. With the execution of the trust Mandell gave, and Levenson received, in good faith, in partial payment of his claim of $320, an assignment in writing of any balance in the plaintiff's hands remaining after the payment of the merchandise creditors. Due notice in writing of this assignment was served on Rabalsky on or about May 20, 1914.

A trustee writ, in which were named the members of Levenson Brothers as plaintiffs, and those of Mandell Brothers as defendants, and the present plaintiff and the Cosmopolitan Trust Company were summoned as trustees, issued from the Municipal Court of the City of Boston, on May 22, 1914. On the same day (May 22, 1914) another writ issued from the Municipal Court and was duly served. In this writ the Edison Electric Illuminating Company of Boston was named as plaintiff, the members of Mandell Brothers were named as defendants, and Rabalsky, the present plaintiff, and the Cosmopolitan Trust Company were summoned as trustees.

Notwithstanding the good faith of all parties and their honest effort to comply with the law, they failed to do so; and the sale of the stock of merchandise, but not that of the fixtures, was voidable by the creditors. *Gallus* v. *Elmer,* 193 Mass. 106. *Kelly-Buckley Co.* v. *Cohen,* 195 Mass. 585. *Adams* v. *Young,* 200 Mass. 588.

There were open to the creditors a number of remedies both at law and in equity, but, omitting the right of seizure on execution, no one of them could be pursued successfully without an adjudication to which the purchaser was made a party. It was entirely possible, by trustee process, to make the purchaser a trustee or garnishee. *Thomas* v. *Goodwin,* 12 Mass. 140. *Burlingame* v. *Bell,* 16 Mass. 318. *Hastings* v. *Baldwin,* 17 Mass. 552, 557. As to the effect of payments by the grantee of indebtedness of the grantor, see *Pierce* v. *Le Monier,* 172 Mass. 508; *Adams* v. *Young,* 200 Mass. 588, 591.

As above stated, the purchaser, Weisgold, was not made a party to this bill, nor was he summoned as trustee in the action at law. In the trustee process the depositary was named as trustee, and the only way he was chargeable was by an adjudication that he held in his hands and possession the goods, effects and credits not of Weisgold, but of the debtor Mandell. He confessedly did hold money payable to Mandell, but that money, at the time of the service of the trustee process, was assigned to Levenson to pay a claim justly due in excess of the sum so held. Because of the assignment he could not have been charged in trustee process, and he was bound in law to recognize the assignment and to pay over the money remaining as a balance in his hands to the *bona fide* assignee.

It follows that the decree of the Superior Court must be reversed and a decree must be entered directing the plaintiff to pay the balance in his hands, $148, to the assignee Levenson.

*Ordered accordingly.*