### James S. Newell *vs.* Plummer Chesley.

Suffolk.   March 13. — May 4, 1877.   Endicott & Soule, JJ., absent.

An auditor's report that a certain sum is due from the defendant to the plaintiff is *primâ facie* evidence in favor of the plaintiff, unless it appears by the report that his conclusion is inconsistent, as matter of law, with other facts therein stated.

An auditor is not bound to state the grounds of his conclusions.

In an action on an account annexed for work and labor, the defence was that the work was done under a special contract, the terms of which were unperformed. The report of an auditor stated that the plaintiff agreed to furnish labor for the defendant to be chiefly performed by a workman especially skilled in that labor ; that this workman did about one third of the whole work, and that those who did the rest were reasonably qualified for their business; and found for the plaintiff. The judge refused to instruct the jury, that " the auditor's report was *primâ facie* evidence for the defendant, and that the conclusions arrived at by the auditor were not, as matter of law, warranted by the facts reported by him ; " but instructed them that " the auditor's report was *primâ facie* evidence of the facts found therein but was subject to be controlled by the other evidence in the case." *Held*, that the defendant had no ground of exception.

CONTRACT on an account annexed for work and labor. The answer set up, among other things, a special contract by the plaintiff to make three machines for the defendant ; that the terms of this contract were not performed ; that the machines were never completed by the plaintiff or accepted by the defendant ; and that the defendant had not received any benefit or advantage from the labor performed by the plaintiff. The case was referred to an auditor, who made a report, the material parts of which were as follows :

" I find and report that the plaintiff agreed to furnish labor for the defendant in fitting and setting up a machine from castings which the defendant delivered at the plaintiff's shop ; that by this agreement the labor was to be chiefly performed by one of the plaintiff's workmen, named Cleeves, who was especially skilled in the labor required ; that Cleeves did labor skilfully on the machine one hundred and sixty-five hours, and that by the same agreement above named the plaintiff is entitled to charge at the rate of fifty cents per hour therefor, or the sum of $82.50 ; that other workmen in the plaintiff's employ, less skilled than Cleeves, labored on the machine two hundred and thirty-seven hours ; that the plaintiff is not entitled to charge fifty cents per hour for this labor, but that forty-three cents per hour is a fair price therefor, making the whole charge for the same $101.91. I therefore report that the two sums $82.50 and $101.91, are due, subject to the deduction hereafter made.

" The defendant claimed a deduction from the amount of the plaintiff's bill, on account of bad workmanship of plaintiff's employees. But I find that Cleeves was especially skilled as a workman, and that all of the other employees were reasonably qualified for their business ; and I find no proof that their work was not well done for workmen of their class. I allow the defendant, however, a deduction of $10, because of extra time charged by reason of such men being employed. And so I state the account between the parties as follows, allowing the plaintiff interest on the balance of his account from February 23, 1873, to the date of his writ: [Here followed the account with credits, the balance due upon which was $156.72.] And I find and report that at the date of the plaintiff's writ the defendant owed him the sum of $156.72."

At the trial in the Superior Court, before *Dewey,* J., the plaintiff admitted that the labor was performed under a special contract, but claimed that the terms of the contract were performed by him, except so far as the performance of them was waived by the defendant. No claim was made upon a *quantum meruit* or a *quantum valebant,* and it did not appear that the labor or materials were ever accepted by the defendant, or that he ever received any benefit from them. There was conflicting evidence as to the terms of the special contract referred to, and also as to the waiver by the defendant of any of the terms of such contract.

The plaintiff offered in evidence the auditor's report, and then offered other evidence in support of his case; and thereupon the defendant also offered testimony bearing upon the issues raised. The judge then gave certain instructions to the jury, which were not objected to; and also instructed them that the auditor's report was *primâ facie* evidence of the facts found by him, and, in the absence of other testimony, would be so controlling that the party in whose favor it was would be entitled to a verdict in accordance with its terms. The defendant, asked the judge to instruct the jury that the auditor's report was *primâ facie* evidence for the defendant, and that the conclusions arrived at by the auditor were not, as a matter of law, warranted by the facts reported by him. The judge declined so to instruct the jury, but did instruct them that the auditor's report was *primâ facie* evidence of the facts found therein, but was subject to be controlled by the other evidence in the case. The jury found for the plaintiff; and the defendant alleged exceptions.

*S. A. B. Abbott & C. T. Lovering,* for the defendant.

*C. J. Noyes,* for the plaintiff.

Gᴀᴀʏ, C. J. The auditor's conclusion was *primâ facie* evidence in favor of the plaintiff, unless it appeared by his report to be inconsistent, as matter of law, with other facts therein stated. Gen. Sts. c. 121, § 46. *Ropes* v. *Lane,* 9 Allen, 502. *Morrill* v. *Keyes,* 14 Allen, 222. *Holmes* v. *Hunt, ante,* 505. No such inconsistency appears. The auditor's report shows that the contract between the parties was oral, and does not purport to state its exact terms. The statement, that " the labor was to be chiefly

performed " by a particular workman of special skill, might mean that that workman was to do more than any other workman, or was to do the most important part of the work ; and the report shows that he did about one third of the whole work, and that those who did the rest were reasonably qualified for their business. Or the auditor may have been of opinion that the defendant had received the benefit of the work done, and had waived a strict performance of the terms of the contract. The auditor has not reported, and was not bound to report, the grounds of his conclusion, or all the evidence introduced before him. Any ambiguity or incompleteness of the report in that respect could be taken advantage of only by motion to recommit it to the auditor. *Fair* v. *Manhattan Ins. Co.* 112 Mass. 320. The instruction requested was therefore rightly refused, and the instructions given were correct. *Exceptions overruled.*