HENRY O. SAWYER & others *vs.* COMMONWEALTH.

Worcester. February 23, 1904. — March 31, 1904.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Metropolitan Water Supply Act. Damages. Evidence. Partnership.*

A report of commissioners appointed under St. 1895, c. 488, § 14, to determine the damages suffered by the owner of an established business on land in the town of West Boylston decreased in value by the carrying out of that act, is not expected to set forth the evidence with more fulness than is reasonably necessary properly to present such questions of law as are raised before the commissioners. In the present case the report presented everything necessary to an understanding of the questions involved.

On a petition under St. 1895, c. 488, § 14, to determine the damages suffered by the members of a firm owning an established business on land in the town of West Boylston decreased in value by the carrying out of that act, where it appeared that the commissioners had treated the business as one which was expected to continue, and which but for the enactment of the statute would have continued until the expiration of the partnership agreement, it was *held* that there was no error in the exclusion by the commissioners of the testimony of an expert actuary, offered by the petitioners, as to the expectation of life of the individual members of the firm. In case of the death of a partner the good will then existing would be a part of the partnership assets.

On a petition under St. 1895, c. 488, § 14, to determine the damages suffered by the owner on April 1, 1895, of an established business on land in the town of West Boylston decreased in value by the carrying out of that act, the damages should be based upon the business shown to exist on April 1, 1895, and should not be assessed as of the time of the passage of the act or of the filing of the taking of the water.

The provision of § 14 of the metropolitan water supply act, St. 1895, c. 488, that in the assessment of damages thereunder "interest may be included in such damages and in such value at such rate and for such time as the commission may deem just and equitable", applies to the assessment of damages for decrease in the value of a business as well as to other assessments under that section.

On a petition to determine the damages suffered by the members of a partnership owning an established business on land in the town of West Boylston decreased in value by the carrying out of the metropolitan water supply act, such sums as were allowed to the partners as a reasonable compensation for services rendered in the business should be deducted in determining the value of the business as a producer of income and in assessing damages for interference with it.

In assessing the value of a business, the net profits of the business for several years immediately previous are important evidence of the value of the good will, but they are not conclusive, as circumstances may have existed to make the profits more or less during those years than would be likely to be earned later.

On a petition under St. 1895, c. 488, to determine the damages suffered by the members of a partnership owning an established business on land in the town of West Boylston decreased in value by the carrying out of that act, the income of the business after the passage of the act may be considered in determining the injury to the business caused by the act.

PETITION, filed in the Supreme Judicial Court for the county of Worcester on June 15, 1899, of copartners doing business under the name of H. O. Sawyer and Company, alleging that on April 1, 1895, the petitioners owned an established business of dealers in general merchandise and of furnishing undertakers, on land in the town of West Boylston, and that their business had been decreased in value and destroyed by the carrying out of St. 1895, c. 488, and praying for the determination of their damages.

In a decision reported in 178 Mass. 267, it was decided that a petition to the Superior Court relating to the subject matter of this petition was dismissed rightly. Upon the present petition this court held, in a decision reported in 182 Mass. 245, that the petitioners, being dissatisfied with the determination of damages made by the commissioners appointed by the court, had no right to a trial by jury, not coming within the provisions of § 15 of St. 1895, c. 488. That decision by the terms of the reservation was made subject to the right of the petitioners, if unsuccessful in their claim for a jury, to be heard later upon a motion to

recommit the report of the commissioners, and the right of the Commonwealth to be heard upon a motion for the acceptance of that report.

The case came on to be heard upon these motions before *Hammond*, J., who, by agreement of parties, reserved it for determination by the full court of the questions of law raised by the motions, such disposition to be made of the case as to the full court should seem meet.

*J. R. Thayer, A. P. Rugg & H. H. Thayer*, for the petitioners.

*R. A. Stewart*, Assistant Attorney General, for the Commonwealth.

KNOWLTON, C. J.   The petitioners, as copartners, on the first day of April, 1895, owned and were carrying on in West Boylston an established business, namely, that of proprietors of a store and dealers in general merchandise.   Their partnership agreement was to expire on January 21, 1899.   They bring this petition under the St. 1895, c. 488, § 14, to recover damages for diminution in value of their business by the carrying out of the act to provide for a metropolitan water supply.   The case was referred to commissioners under the above section, and it is reserved for this court upon the questions of law raised by a motion of the petitioners to recommit the report of the commissioners and a motion of the respondent for its acceptance.

The first contention of the petitioners is that the report should be recommitted because it fails to state with sufficient fulness the principles of law and the findings of fact on which the decision was founded.

Under the statute, a petition in a case of this kind is "for the determination of such damages," and the commission is to "determine the damage to and value of real estate, machinery and business, and from time to time report their determinations on the petitions of such owners to said court," and it is primarily the duty of the commissioners to decide all questions of law and fact and reach a conclusion as to the amount of damages.   Ordinarily it is not their duty to report the evidence, nor their findings as to the particulars on which their conclusion is founded. In this respect there is ordinarily not so much occasion to go into detail as in the report of an auditor or a master in chancery, who is not expected to report the evidence unless by special or-

der of the court. See *Newell* v. *Chesley*, 122 Mass. 522; *Boston & Worcester Railroad* v. *Western Railroad*, 14 Gray, 253, 259; *Bowers* v. *Cutler*, 165 Mass. 441; *Butrick, petitioner, ante,* 107; *De las Casas, petitioner,* 178 Mass. 218; 180 Mass. 472. When a question of law is raised at a hearing before a commissioner, or an auditor, or a master, it is usually his duty to report the facts with sufficient fulness to enable the court properly to deal with the question; or, if he himself is in doubt about a question of law which enters into the result, he well may frame his report in a way to present it clearly to the court. *Parker* v. *Nickerson,* 137 Mass. 487, 493. But under the present statute, commissioners are not expected to report with more fulness than is reasonably necessary properly to present such questions of law as are raised before them.

The petitioners, at the hearing before the commissioners, made thirteen separate requests for rulings. Seven of these were given and three were refused. Two were given with modifications. The remaining one was practically covered by a ruling given, and it became immaterial. We are of opinion that the commissioners in their report presented everything necessary to an understanding of the questions, and that the motion to recommit it should be overruled.

The evidence of an actuary as to the expectation of life of the three individual members of the firm does not appear to have been material. It is very seldom that facts are shown, in a case of this kind, which will make the testimony of an expert actuary important. *Copson* v. *New York, New Haven, & Hartford Railroad,* 171 Mass. 233. *Rooney* v. *New York, New Haven, & Hartford Railroad,* 173 Mass. 222. We have no doubt that the commissioners treated the business as one which was expected to continue, and which would have continued but for the enactment of the statute, until the expiration of the partnership agreement. If the partnership should be dissolved by the death of one of the partners, and if the business was valuable, the good will then existing would be a part of the partnership assets. There was no error in rejecting this evidence.

The first request for rulings was " That damages should be assessed as of the time, (a) of the passage of c. 488 of the act of 1895 or (b) of the filing the taking of the water." The com-

missioners ruled "that damages should be based upon the business shown to exist on April 1st, 1895," but declined to make the ruling requested. We are of opinion that their ruling was right. The statute makes the existence of an established business on April 1, 1895, more than two months before the passage of the act, a condition precedent to recovery. In this way it is made impossible for one, after the passage of the act, or within two months before it, to establish a business for the purpose of subsequently claiming damages for an injury to it. The same reason applies to changes in the condition of the business by an increase in its magnitude or otherwise. The statute requires that the damage shall be assessed in reference to conditions existing on April 1, 1895. *Earle* v. *Commonwealth*, 180 Mass. 579. We interpret the request as referring to this subject, and not to the time when the right to petition for the assessment of damages accrued. If it were construed as referring to the latter subject, it would be of no consequence except as bearing upon the question how much interest should be allowed. On this point the statute expressly provides that "interest may be included in such damages and in such value at such rate and for such time as the commission may deem just and equitable." This provision is applicable to the assessment of damages for diminution in the value of a business as well as to other assessments under the same section. St. 1895, c. 488, § 14. The purpose of this provision is to leave the allowance of interest to considerations of equity, in reference to the time when the damage is actually suffered, rather than to make it dependent upon an arbitrary rule.

The commissioners rightly refused to rule "That in determining the net income of a business under this act, any sum or sums paid by way of salary to partners all of whom are giving all their time, attention and activity to it, should not be deducted." Such sums as are allowed to partners, as a reasonable compensation for services rendered in a business, are rightly deducted in determining the value of the business as a producer of income, and in assessing damages for interference with it.

The proposition "that the value of the good will of a business is ascertainable, as a matter of law, at so many years' purchase of the average annual net profits of the business prior to the tak-

ing," stated in the tenth request for a ruling, was erroneous. The net profits of the business for several years prior to the taking were important evidence as to the value of the good will, but for many reasons they might be more or less than would be likely to be earned later.

The request " That upon the evidence, the court must find a total destruction of the business initiated by the passage of the act," has not been considered in argument, except on the question whether the commissioners were bound to report the whole evidence. The twelfth ruling requested * was given with a modification, namely, that the income of the business after the passage of the act might be considered in determining the injury to the business caused by the act. This modification was plainly right.

*Motion to recommit denied ; report accepted.*

* The ruling requested was as follows: " 12. That the income of the business, or the employments of the partners, after the passage of the act, and between that time and the entire dissolution and abandonment of the business, the result of the operation of the act, cannot be considered in mitigation of the damages, not as an offset to, nor in diminution of such damages."