JAMES CROSIER & another *vs.* ORRE A. KELLOGG & another.

Hampshire.     September 19, 1911. — October 20, 1911.

Present: RUGG, C. J., HAMMOND, LORING, & BRALEY, JJ.

*Equity Pleading and Practice,* Master's report. *Deed. Fraud.*

In a suit in equity, where the case is referred to a master under an order of court which does not require him to report the evidence but only to report his findings with such facts and questions of law as either party may request, the master's findings of fact upon unreported evidence cannot be revised upon exceptions taken to his report.

In a suit in equity a motion to recommit a master's report with an order to report the evidence upon which certain findings of fact made by the master were based is addressed to the sound discretion of the trial judge.

In a suit in equity by a man and wife of advanced years to set aside a deed of their homestead made by them in consideration of love and affection, with the reservation of a right of occupation during their joint lives, where the bill alleges that the execution of the deed in the form in which it was delivered was procured by the fraud and undue influence of the defendant and that at the time of its execution the man plaintiff had not sufficient mental capacity to make the conveyance, the issues raised by these allegations are questions of fact, on which

the findings of a master on unreported evidence, that the essential allegations of the bill have not been established, will not be revised, unless upon his recital of the circumstances under which the deed was executed and delivered his conclusion is shown to be plainly wrong, which here was not the case.

BILL IN EQUITY, filed in the Superior Court on April 10, 1910, by James Crosier and Mary H. Crosier, his wife, against Orre Anzellette Kellogg and Joseph Kellogg, her husband, to set aside a deed from the plaintiffs to the first named defendant conveying to her the plaintiffs' homestead on East Street in Amherst subject to a right of occupation by the plaintiffs during their lives, praying for an order of reconveyance.

The bill alleged that the defendants agreed with the plaintiffs that the defendants, upon the receipt and delivery of the deed in question, would come to reside in the dwelling house upon the real estate, and would support and care for and furnish food, clothing, lodging and medical attendance to the plaintiffs, and would care for the plaintiffs in a kindly manner, consistent with their station in life, during the terms of their lives, at the sole expense of the defendants and without cost and expense to the plaintiffs, and that the defendant Joseph M. Kellogg agreed with and promised the plaintiffs that he would have prepared a deed of the real estate for the plaintiffs to sign, and would have incorporated in it, as a part of the consideration for the deed, the agreement with reference to the care and support of the plaintiffs; that the defendant Joseph M. Kellogg represented to and told the plaintiffs that the deed presented for their signatures was the deed which they had talked about, and that it contained all of the provisions and agreements mentioned; that the plaintiffs, placing reliance and confidence in the good faith and honesty of the defendant Joseph M. Kellogg, and understanding and believing that the deed contained the agreements referred to and that the agreement with reference to the care and support of the plaintiffs was incorporated in the deed as a part of the consideration thereof, and without reading the deed, affixed their names to it, but that the agreement with reference to care and support was not in the deed.

The portion of the deed containing the recital of the consideration was as follows: " Know all men by these presents that I James Crosier of Amherst, County of Hampshire, and State of

Massachusetts, in consideration of my love and affection for, and labor rendered in sickness and in health, and for many acts of kindness to myself and family rendered at various times by Mr. Joseph Kellogg and wife, the receipt whereof is hereby acknowledged, do hereby give, grant, bargain, sell and convey unto the said Orre Anzellette Kellogg, (wife of said Joseph M. Kellogg) a certain tract of land situate in (East Street, so called) in Amherst, County of Hampshire and State of Massachusetts, with the buildings thereon, Bounded and described as follows, viz : "

The reservation clause in the deed was as follows : " Reserving however, the right to occupy without cost to me, the premises conveyed by this deed during the lifetime of myself and wife. Also reserving the right granted to William W. Hunt, to cross my land with water pipes by deed recorded in Book 383, Page 195."

Mary H. Crosier, the wife of James, joined in the deed.

By an order of court the case was referred to Edward L. Shaw, Esquire, as master, "to hear the parties and their evidence and report his findings to the court together with such facts and questions of law as either party may request."

The master, among other findings, found that the fair market value of the land and buildings described in the deed at the time of the conveyance was $1,700; that no payment of money was made to the plaintiffs for the deed in question; that the deed was made as a gift to the defendant Orre A. Kellogg in consideration of the plaintiffs' affection for her and for the defendant Joseph M. Kellogg, in token of the plaintiffs' gratitude for the acts of kindness, aid and assistance rendered to them by the defendants; that there was no agreement that the deed in question should contain a contract for the life support and care of the plaintiffs; that no such agreement was made between the parties before the execution of the deed, and that such an agreement was not a part of the consideration therefor; that the signatures of the plaintiffs to the deed were not procured by misrepresentation or fraud; that at the time of signing the deed the plaintiff James Crosier was mentally competent to execute it; and that the plaintiffs were not improperly influenced by either of the defendants to sign the deed.

The plaintiffs filed exceptions to the master's report. The plaintiffs also filed a motion that the report of the master be recommitted and that the master be ordered to report the evidence

upon certain findings of fact and the plaintiffs' requests for findings of fact. The plaintiffs also filed a motion that issues might be framed for a trial by jury. The case was heard by *Hitchcock, J.,* who made an interlocutory decree, denying the motion to recommit the master's report, denying the motion to frame issues for a jury, overruling the plaintiffs' exceptions to the master's report, and confirming the master's report.

Later a final decree was entered that the bill be dismissed. The plaintiffs appealed from the final decree, and also appealed from the portions of the interlocutory decree denying the plaintiffs' motion to recommit the master's report and overruling the plaintiffs' exceptions to the master's report.

*W. J. Reilley,* for the plaintiffs.

*J. C. Hammond & T. J. Hammond,* for the defendants, were not called upon.

BRALEY, J. The order of reference did not require the master to report the evidence, but only such facts and questions of law as either party might request, and his findings of fact upon unreported evidence cannot be reviewed or revised on the exceptions taken by the plaintiffs to his report. *East Tennessee Land Co.* v. *Leeson,* 183 Mass. 37. *Sawyer* v. *Commonwealth,* 185 Mass. 356, 359. *Taber* v. *Breck,* 192 Mass. 355. *Kennedy* v. *Welch,* 196 Mass. 592, 594.

The motion to recommit, and that the evidence upon which the findings rested be reported, was addressed to the sound discretion of the trial judge, and nothing appears in the record to indicate that the denial of the motion was wrong. *Henderson* v. *Foster,* 182 Mass. 447. *Duffy* v. *Hogan,* 203 Mass. 297.

But, if the interlocutory decree should not be reversed, the plaintiffs contend that upon the findings they are entitled to a decree. The substantive issues raised by the pleadings, whether through the fraud and undue influence of the defendant Joseph M. Kellogg, practised upon the plaintiff James Crosier, the deed was procured in the form in which it was delivered, and whether at the time of its execution James Crosier had sufficient mental capacity to make the conveyance, were questions of fact. *Woodbury* v. *Woodbury,* 141 Mass. 329. *Reed* v. *Mattapan Deposit & Trust Co.* 198 Mass. 306, 314. If the advanced age of the plaintiffs and the confidence reposed by them in the principal defend-

ant were important facts for the consideration of the master, we cannot say upon his recital of the circumstances which led to the execution and delivery of the deed conveying their homestead upon a meritorious consideration, with the reservation of a life estate for their joint lives, that his conclusion that the essential allegations of the bill as amended had not been established, was plainly wrong.

*Decree affirmed.*