## JOHN F. CASEY *vs.* JOHN W. MAY.

Suffolk.   December 12, 1911. — February 29, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Equity Pleading and Practice,* Amendment of bill, Recommittal of master's report.

In a suit in equity for an accounting by the defendant as to the profits of an
enterprise which the plaintiff alleged had been created by the joint efforts of
himself and the defendant under an agreement whereby the profits should be
shared, where a master finds that the enterprise was the result of the joint
efforts of the parties but that there was no agreement for a sharing of profits,
that the plaintiff's services were rendered at the request of the defendant and
with the understanding that the defendant would pay for them if the enter-
prise was a financial success, and that it was a financial success, the plaintiff
may recover a fair compensation for his services under the prayer in the bill for
general relief.

After the allowance of an amendment to a bill in equity adding allegations which
were unnecessary to give the plaintiff relief, it is within the discretionary power
of the court to recommit the case to a master although the issues added by
the amendment already have been heard by him and findings made thereon.

BILL IN EQUITY, filed in the Supreme Judicial Court on April
30, 1908, in which the plaintiff alleged in substance that in Decem-
ber, 1897, it was agreed between the plaintiff and the defendant
that they should use their joint efforts to devise some method
or system whereby the work of operatives in the cutting rooms
or cutting departments of factories where boots, shoes, and
similar articles were manufactured might be accurately checked
and the amount of leather required for cutting pieces for various
sizes of shoes might be accurately determined; that all disburse-
ments necessary in devising, developing, and introducing any such
method or system should be borne by the defendant solely, and
that the proceeds which might be received from any such method
or system that might be devised or discovered by the plaintiff and
the defendant should be applied first to the expenses of devising,
developing, and introducing the method or system and for the
payment to the defendant of a fair but moderate salary, and that
the proceeds above such expenses and salary should be divided
equally between the plaintiff and the defendant; that through

their joint efforts a tabular scheme was devised and was copyrighted in the name of the defendant, and had been extensively introduced by the defendant and had resulted in large financial returns; that no accounting ever had been made to the plaintiff and no share of profits had been paid to him. The prayers of the bill in substance were for the establishment of a right of the plaintiff to a one half share of the net profits, and for an accounting by the defendant and the payment to the plaintiff of his share of the profits. There also was a prayer for general relief.

The case was referred to Franklin T. Hammond, Esquire, as master. In his report he found in substance that the scheme above described was devised by the plaintiff and the defendant jointly and had been used by the defendant with large financial profit. He further found as follows: "In regard to the contract which the plaintiff claims was made between the parties, I am not satisfied by the evidence that such a contract was intended to be made. On the other hand, there is no doubt that largely, if not wholly, owing to the plaintiff's efforts a table of relative areas was prepared which has been copyrighted by the defendant and has been and now is of considerable value to him in connection with his system. I find that this table was prepared by the plaintiff in consequence of the defendant's requests, and from the evidence I find that it was the understanding between the parties that if the system was a financial success the plaintiff should be entitled to be paid for his services. I find that the system has been a success and that the plaintiff has become entitled to a reasonable amount as pay for the work done by him during the fall and winter of 1897. Considering the time spent by the plaintiff, the work done, and the usefulness of the table of percentages, and all the other matters bearing on this question, I find that $1,500 would be a fair compensation for the plaintiff's services."

The report was filed on March 25, 1910, and the defendant filed exceptions thereto. On June 28, 1910, the defendant's exceptions were overruled by *Rugg,* J., and the plaintiff was allowed to amend his bill by adding a paragraph alleging that the table referred to was prepared by him at the request of the defendant and in accordance with an understanding that, if the system

was a success, he should receive a reasonable compensation for his services. On the same day the suit was recommitted to the master by a decree which, as subsequently amended on October 21, 1910, directed him "to hear the parties and their evidence upon the issues raised by the motion to amend the bill of complaint . . . to find the facts and report the same to the court upon the material evidence already introduced, and such further evidence as either party may introduce, each party to have the right to make such objections to, and to ask for such rulings upon, any portion or portions of the evidence already introduced as he would have had, had such evidence not previously been offered, and also to report such portion of the evidence as either party may request."

In his supplemental report the master reaffirmed his former findings. Exceptions by the defendant to the supplemental report were overruled and the report was confirmed and a final decree was made by *Loring,* J., directing the defendant to pay to the plaintiff $1,500 and interest. The defendant appealed.

*J. C. Burke,* for the defendant.

*J. B. Studley,* for the plaintiff.

BRALEY, J. The plaintiff, who took no exceptions to the report, failed to satisfy the master, that he was entitled to a proprietary interest in the system devised by the joint efforts of the parties for easily computing the quantity of leather required for different sizes of shoes, whereby the usual waste in cutting hides under methods then in use would be largely diminished or wholly eliminated, and to an accounting for the proceeds received by the defendant, through whose exertions it had been adopted and used by a large number of manufacturers. But if the failure to prove these essential averments disposes of the prayers for specific relief, yet the master having found further, that the plaintiff's services and mathematical skill contributed appreciably to the development and perfection of the system, the compensation awarded could have been decreed under the original bill, and the amendment filed and allowed after the coming in of the report was unnecessary. *American Stay Co.* v. *Delaney, ante,* 229. It was, however, within the discretion of the single justice not only to order a recommittal, but to direct that the hearing should be had upon the material evidence already introduced, and such

further evidence as either party might offer upon the issue raised by the amendment, even if the question had already been decided. The granting to each party of the further right "to ask for such rulings upon, any portion or portions of the evidence already introduced as he would have had, had such evidence not previously been offered," and "to report such portion of the evidence as either party may request," also was discretionary, and the interlocutory decree of recommittal as amended is affirmed. *Crosier* v. *Kellogg,* 210 Mass. 181.

The defendant's third exception to the original, and the third and fourth exceptions to the supplemental report being untenable, the exceptions which are common to both reports, that no implied contract had been proved, and that the amount awarded to the plaintiff was unreasonable, remain for decision. If the entire report is read with the evidence so far as reported, it amply sustains the master. The plaintiff at the request of the defendant having rendered valuable services, which were not intended to be gratuitous, was rightly allowed compensation, and the amount not appearing to be excessive, the final decree must be affirmed with costs. *Dickey* v. *Putnam Free School,* 197 Mass. 468, 473.

*Ordered accordingly.*