NORMAN H. COOK & another *vs.* CHARLES J. SCHEFFREEN & others.

Suffolk.　January 23, 1913. — September 11, 1913.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Equity Pleading and Practice,* Master's report: rulings on evidence, recommittal, request for report of evidence. *Equity Jurisdiction,* Rescission.

Exceptions to a master's report founded on the alleged wrongful admission or exclusion of evidence must be overruled where it does not appear from the master's report that the master admitted or excluded the evidence as alleged.

Exceptions to a master's report on the ground that certain findings are not sup-

ported by or are contrary to the evidence must be overruled where the evidence on which the findings were made is not reported.

Where a suit in equity is referred to a master "to hear the parties and their evidence forthwith and report his findings to the court together with such facts and questions of law as either party may request," a party has a right to ask the master to report his rulings as to the admission of evidence, and a refusal of the master to report such rulings is a proper ground for recommitting his report.

Where a party to a suit in equity goes to trial before a master under an order of reference which does not direct the master to report the evidence in whole or in part, this is an acquiescence in leaving the final determination of the facts to the master, and, at least after the findings of the master have come to the knowledge of the parties through his draft report, it is too late to ask as a matter of right that the master be ordered to report the evidence or some part of it. Accordingly the denial by a trial judge under these circumstances of a motion to recommit a master's report for this purpose is a proper exercise of discretionary power.

A motion to set aside a master's report in a suit in equity for alleged errors of law and of fact is not a proper procedure. If errors of law appear in the report the remedy is by a motion to enter a decree on the report. If there are errors in conclusions of fact, and the evidence is not reported, it is too late to object to these errors after the master's report is before the court.

Where a suit in equity is referred to a master to "report his findings to the court together with such facts and questions of law as either party may request," it is no part of the master's duty to pass upon the question of law whether on the facts found by him the defendant or defendants are liable. In the present case such a ruling of a master as to the liability of one of the defendants, which had been confirmed by an order of the trial judge, was taken to have been adopted as a ruling of the judge, and was passed upon by this court for that reason.

In a suit in equity seeking to rescind an exchange of property between the plaintiffs and two of the defendants, on the ground that it was procured by the false and fraudulent representations of those two defendants and also of a third defendant, who acted as their broker in the transaction, it appeared that one of the two defendants who received the plaintiffs' property had sold a part of the property thus received by him for $8,000 before the fraud was discovered and the return of the property was demanded. *Held,* that the defendant who received and sold this part of the plaintiffs' property was liable to the plaintiffs for its proceeds, but that the defendant who acted as broker in the transaction, although he took part in the fraudulent representations and could have been held liable for the loss caused by the fraud, did not receive any part of the plaintiffs' property of which a reconveyance was sought and was not liable for the $8,000 received by another defendant for a part of this property.

BILL IN EQUITY, filed in the Superior Court on March 18, 1912, by Norman H. Cook and Ellen M. Cook, his wife, against Charles J. Scheffreen and Dora Scheffreen, his wife, and Ezra F. Pratt, to rescind an exchange of property made between the plaintiffs and the defendants Scheffreen on October 16, 1911, as described in the opinion, which it was alleged that the plaintiffs had been in-

duced to make by the false and fraudulent representations of all the defendants.

The case was referred to Thomas L. Wiles, Esquire, as master, by an order of reference which is quoted in the opinion.

A motion of the defendants to recommit the master's report was denied by *Pierce,* J.

Later the case was heard by *Morton,* J., upon the defendants' exceptions to the master's report, and upon a motion of the defendants "to review and set aside" certain parts of the master's report. The judge made an interlocutory decree overruling the defendants' exceptions to the master's report and confirming the report. He also denied the defendants' motion. Being of opinion that the interlocutory decree and the denial of the motion so affected the merits of the controversy that the matter before further proceedings ought to be determined by this court, he reported the case for such determination. It was stipulated by the parties that, if this court should sustain the rulings of the judge, the case should be referred to a master for an accounting from and after October 16, 1911, and that the final decree should await such accounting; otherwise, such order was to be made as justice might require.

*A. H. Russell,* for the plaintiffs.

*S. A. Fuller,* for the defendants.

LORING, J. This is a bill to set aside for fraud an exchange of property between the plaintiffs, who are husband and wife, and the defendants, two of whom also are husband and wife. The facts of the case appear from the master's report to be in substance as follows:

On October 11, 1911, Norman Cook, owning a farm in Barre, and his wife Ellen, owning (1) the live stock, tools and like personal property used in connection with it, and also (2) a cottage on an island in Casco Bay in the State of Maine, were induced to exchange these properties for an apartment house in Boston owned by the defendant Charles Scheffreen, and to give to him notes in the aggregate sum of $20,000 secured by a second mortgage on it (the apartment house). The master found that the plaintiffs were induced to make the exchange by false and fraudulent representations made by Charles Scheffreen and the defendant Pratt, his broker in the exchange, but that these representations were

not made pursuant to a conspiracy so to do, as alleged in the bill. It appeared that the fraud was not discovered until February 1, 1912, or thereabouts, a month or so before this bill was filed. The stock and other personal property had been sold at auction by Scheffreen for less than their fair market value (which was $8,000), and the master found that Scheffreen and Pratt owe the plaintiff that sum with interest from October 11, 1911.

Of the twenty-three exceptions taken by the defendants to the master's report the first ten are to the alleged admission or exclusion of testimony. Apart from the motion to recommit which is hereinafter considered, these exceptions could not be sustained because it does not appear from the master's report that the evidence which the defendants allege was admitted or excluded against their objection was admitted or excluded by him. *O'Brien* v. *Keefe,* 175 Mass. 274. *Smith* v. *Butler,* 176 Mass. 38. *Long* v. *Athol,* 196 Mass. 497.

The remaining thirteen exceptions are to certain findings of the master on the ground that they are not supported by or are contrary to the evidence. But, the evidence on which these findings were made not being before us, these exceptions must be overruled. *Henderson* v. *Foster,* 182 Mass. 447, 448. *East Tennessee Land Co.* v. *Leeson,* 183 Mass. 37. *Burke* v. *Dorey,* 208 Mass. 45. *Crosier* v. *Kellogg,* 210 Mass. 181. *Attorney General* v. *Vineyard Grove Co.* 211 Mass. 596, 597.

The defendants also made a motion to recommit the report for various reasons, and among others because the master had not set forth in his report the rulings made by him as to the admission of testimony, which rulings were the subject of exceptions by the defendants. By the terms of the order of reference the master was directed "to hear the parties and their evidence forthwith and report his findings to the court together with such facts and questions of law as either party may request." Under this form of reference the defendant had a right, upon requesting the master so to do, to have him report to the court all questions of law which arose in the course of his doing what he was ordered to do, namely, to find the facts. This included rulings as to the admission of evidence. In place of making such request of the master the defendants objected and excepted to his report because of incorrect rulings as to the admission of evidence, and asked to have the re-

port recommitted because he had not set forth those rulings in his report. The provision in the master's report which we have just referred to was inserted in the order of reference to give to the parties a right to have all rulings of law made by the master in finding the facts (including his rulings as to the admission of evidence) passed upon by the court. The defendants should have requested the master to report to the court the rulings of law made by him as to the admission of evidence. And they have done that in substance although not in form. So far as this reason for recommitting the report is concerned the motion should have been granted.

Another ground on which the defendants asked to have the report recommitted to the master was because he had not reported the testimony on which he made the findings of fact objected to by them, and because they wished all the evidence introduced before the master reported to the court. When a party goes to trial before a master under an order of reference which does not direct him to report the evidence in whole or in part, it is too late to ask that that be done, at least after the terms of his draft report have come to the knowledge of the parties. The purpose of such an order of reference is to leave to the master the final determination of the facts, and there is no justice in giving to the unsuccessful party who has taken his chances of a final determination in his favor an opportunity to try over again before the court the facts which were to be finally determined by the master. That has long been the settled rule of this court. See for example *Nichols* v. *Ela,* 124 Mass. 333; *Parker* v. *Nickerson,* 137 Mass. 487; *Moore* v. *Dick,* 187 Mass. 207; *Eddy* v. *Fogg,* 192 Mass. 543, 544. A recommittal for this purpose under these circumstances is in the discretion of the single justice, and there is nothing to indicate that it was wrongly exercised.

The other reasons for recommitting the report were addressed to the discretion of the trial judge and we see no error in the exercise of it by him.

In addition to a motion to recommit the defendants filed a motion to have certain portions of the master's report set aside on the ground that they were wrong, some of them in law and some in fact. This was denied. So far as this motion is founded on the ground that the portions referred to were wrong in law, the de-

fendants' remedy was to argue that on a motion to enter a decree on the master's report. A motion to set them aside is not the proper procedure. So far as this motion is founded on wrong conclusions of fact, the evidence on which they were founded was not before the court and the defendants had no right, at least after the coming in of the master's report, to have it brought before the court. That already has been determined. This motion was properly denied.

There is however one ruling of law made by the master which was wrong. The order to the master did not direct him to pass upon and report to the court upon the merits of all issues raised by the pleadings, as is sometimes done. See for example the order of reference made in *Warfield* v. *Adams, post,* 506. All that the master was ordered to do was to "report his findings to the court together with such facts and questions of law as either party may request." In case of such an order it is no part of the master's duty to pass upon the question of law, whether on the facts found by him the defendant or defendants are or are not liable. See *Clark* v. *Seagraves,* 186 Mass. 430; *Adams* v. *Young,* 200 Mass. 588; *New England Foundation Co.* v. *Reed,* 209 Mass. 556. But in the case at bar the master's report containing this ruling of law was confirmed by the Superior Court and therefore the master's ruling well might be taken to have been adopted by the court. For that reason we proceed to consider it.

The master ruled that Pratt was liable to the plaintiff Ellen M. Cook for $8,000, the value of the stock, tools and other personal property which she was induced by his [Pratt's] false representations to exchange for property conveyed to her husband by the defendant Charles L. Scheffreen. This is a bill in which, on rescinding this exchange of property because of the fraud of Scheffreen and Pratt, the plaintiffs offered to return the property conveyed to them and sought to obtain a reconveyance to themselves of the property conveyed by them to Scheffreen. The stock, tools and other personal property used on the farm had been sold by Scheffreen (to whom they were transferred) before the fraud committed by him and Pratt was discovered; on the plaintiffs electing to rescind under these circumstances Scheffreen is liable for the value of the stock, tools and other personal property sold by him. But, although the transfer of this personal property by

the plaintiffs to Scheffreen was induced by Pratt's fraudulent representations, and although he is liable for them to the plaintiff Ellen M. Cook, he is not liable for this $8,000 into which this personal property in legal contemplation had been converted by Scheffreen before the fraud committed by him and by Pratt was discovered. Pratt's liability for the fraudulent representations made by him, if the plaintiffs had not elected to rescind, would have been the difference between the value that the apartment house would have had if his representations had been true, and the value it in fact had. But in electing to rescind, the plaintiffs elected not to enforce that liability against Pratt and so elected not to proceed against him at all.

The order refusing to recommit the master's report in order that he should state the rulings of law made by him is reversed, and an order should be entered recommitting the report to the master to state the rulings of law made by him on the admission of evidence. The order overruling the exceptions taken to the admission and exclusion of evidence by the master is reversed and those questions are to be left open for decision on the coming in of the master's supplemental report. The order confirming the master's report is reversed as to the foregoing matters, which matters are to stand for further hearing as aforesaid, and the last order is further reversed as to the liability of Pratt for the sum of $8,000. It is

*So ordered.*