CATHERINE FLAHERTY *vs.* JOSEPH GOLDINGER.

Suffolk.    May 19, 1924. — June 13, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Equity Pleading and Practice*, Master: exceptions to report, findings, rulings. *Contract*, Rescission. *Equity Jurisdiction*, To remove cloud from title.

Exceptions to findings of fact by a master in a report which did not include a report of the evidence must be overruled where the findings do not appear to be contradictory or mutually inconsistent.

Where an interlocutory decree directed a master " to hear the parties and their evidence and report his findings to the court together with such facts and questions of law as either party may request," exceptions based on refusal by him to grant certain requests for rulings of law not relating to the admission or exclusion of evidence must be overruled.

At the trial of a suit in equity to remove a cloud from a title to real estate of the plaintiff caused by the recording of an agreement in writing by the plaintiff to sell the land to the defendant, which agreement the plaintiff had broken but rights under which the plaintiff alleged that the defendant had waived, it appeared that, shortly before the date set for the performance of the agreement by the plaintiff, a broker acting for the plaintiff informed the defendant that he was convinced that the plaintiff would not carry out the agreement and asked the defendant if he should return to him the amount of a deposit which had been made. The defendant replied, " Let the agreement run along and let us see if she [the plaintiff] will change her mind." Before the date set for conveyance, the plaintiff advised the defendant that she would not go through with the sale. Thereafter, and before the time set for the conveyance, the defendant caused a copy of the agreement to be recorded in the registry of deeds. More than five months after the date set for the conveyance, the defendant asked the broker for and received a return of the deposit. A master found on the foregoing facts that the defendant " decided to waive whatever legal or equitable rights he had against the plaintiff . . . and to call the deal off." *Held*, that

(1) The recorded agreement constituted a cloud upon the plaintiff's title;

(2) Although there was no express agreement between the parties that the contract should be rescinded, yet it could have been inferred from the master's findings that, in view of the acts and conduct of the parties, it was mutually intended by them that the contract should be cancelled or rescinded;

(3) The circumstance that the contract related to real estate did not prevent the parties rescinding it orally by mutual consent;

(4) While the plaintiff had failed to carry out the agreement before it was rescinded, she was not for that reason precluded from maintaining the bill, as the defendant subsequently agreed to a rescission and waiver of his rights;

(5) A decree for the plaintiff was warranted.

BILL IN EQUITY, filed in the Superior Court on July 20, 1923, for the removal of a cloud on the title to land of the plaintiff created by the recording by the defendant of an agreement in writing by the plaintiff to sell the land to the defendant, which the plaintiff had not performed and performance of which the plaintiff alleged the defendant had waived.

The suit was referred to a master. Material findings by the master and exceptions by the defendant to his report are described in the opinion. The suit was heard by *McLaughlin*, J., by whose order there were entered an interlocutory decree confirming the report and a final decree

granting the plaintiff the relief sought. The defendant appealed from both decrees.

The case was submitted on briefs.

*M. B. Lynch & S. H. Goldinger*, for the defendant.

*H. Bergson & W. C. Maguire*, for the plaintiff.

CROSBY, J.    This is a bill in equity to remove a cloud from the plaintiff's title to certain land, alleged to be owned by her and described in the bill. The case was referred to a master " to hear the parties and their evidence and report his findings to the court together with such facts and questions of law as either party may request."

The master made the following findings: On May 4, 1920, the plaintiff entered into an agreement in writing with the defendant (copy of which is printed in the record) whereby she was to sell and the defendant was to purchase the premises therein described; the papers were to be passed on June 1, 1920; and the defendant paid a deposit of $100, in accordance with the agreement. One Brophy acted as broker in the transaction. Shortly before June 1, 1920, Brophy informed the defendant that he was convinced the plaintiff would not carry out the agreement; that at that time she could not get an apartment for herself; and that her son was opposed to her selling the property. Brophy asked the defendant if he should return to him the amount of the deposit, and the defendant replied, " Let the agreement run along and let us see if she will change her mind." The master further found that before June 1, 1920, " the plaintiff . . . advised the defendant that she would not go through with the deal "; that thereafter the defendant, acting in good faith, on May 20, 1920, caused a copy of the agreement to be recorded in the registry of deeds; that in November, 1920, he requested of Brophy the return of the deposit and the latter sent him a check therefor on November 19, 1920; that the defendant accepted the check and it was cashed by him. On the foregoing facts the master found as a fact that the defendant " decided to waive whatever legal or equitable rights he had against the plaintiff . . . and to call the deal off." He further found that, while the defendant caused the agreement to be recorded in good faith, he at no time informed the plaintiff that he had

done so; that she failed to carry out the terms of her agreement; that in accepting the amount of the deposit, the defendant waived all his rights in the premises; that the plaintiff has agreed to sell the property to another person, and that this bill is brought to enable her to carry out that agreement.   The evidence is not reported.

The facts as found by the master must stand since they are not contradictory or mutually inconsistent.   The case was heard by a judge of the Superior Court, on exceptions of the defendant to the master's report.   The first and second are based on objections to findings of fact, but as the evidence is not reported they were rightly overruled.   *Cook* v. *Scheffreen*, 215 Mass. 444, 447.   The third, fourth and fifth are to the refusal of the master to make certain rulings of law.   The trial judge overruled these exceptions, and correctly ruled that the master was not required to make rulings of law.   It is the duty of a master to find the facts. Where, as in the case at bar, the master is ordered to " report his findings to the court together with such facts and questions of law as either party may request," it is no part of his duty to pass upon questions of law.   However, under such an order of reference, parties are entitled to have the rulings of law made by the master in the finding of facts, including his " rulings as to the admission of evidence," passed upon by the court, provided the master is requested to report such rulings.   *Cook* v. *Scheffreen, supra.   Bradley* v. *Borden,* 223 Mass. 575.

The recorded agreement constituted a cloud upon the plaintiff's title, which she was entitled to have removed. *Sawyer* v. *Cook,* 188 Mass. 163, 170.

Although there was no express agreement between the parties that the contract should be rescinded, yet it could have been found from the findings of the master that, in view of the acts and conduct of the parties, it was mutually meant by them that the contract should be cancelled or rescinded. When the deposit was returned to the defendant and accepted by him, it is a reasonable inference that the parties waived their rights under the agreement, and intended that it should no longer be of any binding force or effect.   *Cutter* v. *Coch-*

*rane*, 116 Mass. 408, 410.  *Earnshaw* v. *Whittemore*, 194 Mass. 187.  *Hanson & Parker, Ltd.* v. *Wittenberg*, 205 Mass. 319, 326.  *Rowe* v. *Peabody*, 207 Mass. 226, 234.  *Tobin* v. *Kells*, 207 Mass. 304.  Williston, Contracts, § 1827.

The circumstance that the contract related to real estate did not prevent the parties rescinding it orally by mutual consent.  *Leonard* v. *Morgan*, 6 Gray, 412.  *Ballou* v. *Billings*, 136 Mass. 307.

While the plaintiff failed to carry out the agreement, before it was rescinded, she is not for that reason precluded from maintaining the bill as the defendant subsequently agreed to a rescission and waiver of his rights.  The interlocutory decree overruling the defendant's exceptions and confirming the master's report, and the final decree, are affirmed.

*Ordered accordingly.*