Rollins, J.
The plaintiff, a real estate broker, brings this action of contract to recover a commission. The defendant’s answer is a general denial.
The following is a summary of the evidence:
In October, 1947, the defendant called the plaintiff’s office and asked one 'Campbell, an employee of the plaintiff, to secure a customer for the defendant’s real estate in Abington, Massachusetts, for $7400. He agreed to pay the plain *85 tiff the usual five per cent commission if he were successful. After advertising the property, Campbell was approached by one Melville, who said he was interested in the property, but only at $7000. 'Campbell replied he would submit this offer to the defendant. At the same time he drew a written agreement of purchase and sale of the property for $7000. This agreement was dated October 20,1947. It contained the following words: “It is understood that a broker’s commission of 5%, on the total sale price is to be paid to O. H. McKenney, Jr., by the seller. ’ ’ Melville signed the agreement and left with Campbell $100 as a “binder” or deposit on account of the purchase price. Campbell took this agreement to the defendant and told him about the binder. The defendant signed the agreement.
Melville tried to get a “G. I.” mortgage loan on this property from the Abington Co-operative and other banks but was unsuccessful. He thereupon demanded from Campbell the return of the written agreement he had signed and the binder. Campbell told him he would take it up with the defendant. This he did and the defendant instructed Campbell to return the money and the agreement. These instructions were carried out.
Melville then went to the Avon Co-operative Bank seeking to purchase another house. There he mentioned the defendant’s house which he had unsuccessfully tried to secure. The officials of the Avon bank stated they would examine this house and see if they could grant him a mortgage on it. After seeing it the officials said the bank would grant a mortgage if Melville could buy for $6800. The house was sold to him at that price on December 12, 1947. On the evening preceding the sale 'Campbell learned from the defendant that Melville had obtained a full Gr. I. loan from the Avon bank and that the sale was going through the next day. On that evening of December 11th Melville, Campbell and the defendant had some talk about the com *86 mission which was due the plaintiff. What this conversation was is not disclosed by the record.
The Report contained the following words: “Campbell agreed with Snell (the defendant) and Melville that since Melville could not get the mortgage it was agreeable to him also to return Melville’s one hundred dollars ... It was agreed that the written agreement dated October 20, 1947 between the plaintiff, McKenney, and the defendant, Snell, was a valid and binding agreement . . . and that the only issue involved here is as to whether or not there was an abandonment and rescission by the plaintiff.”
The plaintiff presented 8 requests for rulings of law. The second request reads in part: “The plaintiff earned, and became entitled to his commission on October 20,1947, when the defendant entered into the written agreement with . . . Melville, who was produced by the plaintiff . . ..” The trial judge ruled as to this request, “Two allowed, but see special findings.”
He ruled on the other requests, made special findings of fact and found for the defendant.
Among the special findings are the following: ‘ ‘ On October 20, 1947, the plaintiff, by an employee, caused a written agreement . . . to be signed by the defendant and the purchaser, one Melville. Shortly thereafter, the purchaser informed the plaintiff’s employee that he was unable to finance the purchase of the premises, whereupon the plaintiff’s employee acting as agent of the defendant, returned the binder taken, and returned to the purchaser the written agreement .... I find that there was a rescission of the agreement dated October 20, 1947, and this agreement was mutually abandoned.”
The plaintiff claiming to be aggrieved by the rulings on Ms second and other requests, the case is referred to us for determination.
There can be no doubt that when the written agreement of purchase and sale, dated October 20, 1947, was executed, *87 the plaintiff had earned his commission. Roche v. Smith, 176 Mass. 595; Johnson v. Holland, 211 Mass. 363. The trial judge agreed with this but found, “. . . there was a rescission of the agreement dated October 20,1947, and this agreement was mutually abandoned.”
If by this the judge meant there was a rescission by the only two parties to that agreement, namely the defendant and Melville and that the agreement was mutually abandoned by them, his conclusion was correct. Boyden v. Hill, 198 Mass. 477, 484; Mark v. Stuart-Howland Co., 226 Mass. 35, 42; Flaherty v. Goldinger, 249 Mass. 564, 567. But it does not follow that the plaintiff’s right to a commission was thereby lost. That right was not created by the written agreement nor was its existence dependent upon its continued effectiveness. The right to the commission arose from the defendant’s original verbal promise to pay a commission if the plaintiff secured a customer. The language contained in the written agreement relative to thé payment of a commission was, as far as the plaintiff was concerned, a mere recital of an agreement previously made between him and the defendant.
The language we have quoted from the Report and the judge’s findings of fact would seem to indicate, however, that he considered the written agreement to be a three party contract between the defendant, Melville and the plaintiff and further, that the plaintiff rescinded and abandoned it when his agent Campbell returned the signed agreement and binder to the defendant and said it was agreeable to him also to return Melville’s one hundred dollars. But the plaintiff was not a party to the written agreement. It does not ¡so state nor was it signed by the plaintiff. Moreover when Campbell returned to Melville the signed agreement and the $100 binder he did not do so as agent for the plaintiff but, as the trial judge expressly found “. . .as agent for the defendant.”
*88 If the agreement by Campbell that “ . . .it was agreeable to him also to return Melville’s one hundred dollars,” can be construed as a promise of the plaintiff made through his agent, to waive or abandon his commission it is of no avail for two reasons: First, because there is no evidence that Campbell had authority from the plaintiff to surrender the earned commission. Authority to malee a contract does not imply authority to terminate it when once in force. Eastern Adv. Co. v. Standard Nut Co. Inc., 264 Mass. 238, 241; Second, because the promise was without consideration. Eestatement of the Law of Contracts, § 406 and Illustration No. 2; Flaherty v. Goldinger, supra; Henry W. Savage Inc. v. Friedberg, 322 Mass. 321, 323.
The conclusion therefore is that the plaintiff earned a commission of $350 and never lost, waived or abandoned it.
There was prejudicial error in the qualified allowance of the plaintiff’s second request and the finding fair the defendant. This request should have been allowed without qualification and the finding should have been for the plaintiff.
The finding for the defendant must be vacated and a finding entered for the plaintiff for damages in the amount of $350 and for costs.